IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NIDAL SABA,

                Plaintiff,    :    Case No. 3:12-cv-305

    - vs -                         Magistrate Judge Michael R. Merz

U.S. ARMY INTELLIGENCE AND
SECURITY COMMAND, et al.,

                Defendants.    :

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Nidal Saba brought this action *pro se* under the Federal Tort Claims Act to recover damages allegedly resulting from the insertion in official records relating to him of false and defamatory matter. The case is before the Court on Defendants' Motion to Dismiss (Doc. No. 15), Plaintiff's Response (Doc. No. 17), and Defendants' Reply (Doc. No. 18).

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and District Judge Black referred the case on that basis (Doc. Nos. 7, 8, 9).

1

**Substitution of the United States of America as the Sole Defendant**

As an initial matter, Plaintiff named as Defendants the United States Army Intelligence and Security Command, the United States Army Claims service, Office of the Judge Advocate General, an unnamed Assistant United States Attorney for this District, and the Attorney General of the United States (Complaint, Doc. No. 1, PageID 2)[1].

The named Defendants note that "a federal agency cannot be sued in its own name unless such suits are specifically authorized by Congress" *citing Good v. Ohio Edison Co.*, 149 F.3d 413, 417 (6th Cir. 1998). "The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. 28 U.S.C. § 2679(a). Failure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

Saba replies that he properly presented this claim to the U.S. Army Claims Service and named the United States as a defendant in that claim. His case before this Court is merely an appeal of that agency decision. (Reply, Doc. No. 17, PageID 91.)  In their Reply, Defendants appear to waive their initial argument to dismiss for lack of jurisdiction and instead state that "[i]t appears from Plaintiff's memorandum that he acknowledges that his claims in this case are actually against the United States of America and not the four named Defendants. (R. 17 at PageID #91.) It is appropriate for this Court to substitute the United States for the four named Defendants in this civil action." (Reply, Doc. No. 18, PageID 99.)  Accepting Defendants' suggestion, the Court hereby ORDERS the substitution of the United States as the sole party defendant in place of the U.S. Army Intelligence and Security Command, U.S. Army Claims

---

[1] The Court's electronic filing system (CM/ECF) automatically affixes a distinctive page number (shown in the upper right-hand corner as PageID) to each page of each filed document.  All citations to the filed record in this case must refer to the PageID number.

Services Office of the Judge Advocate General, Assistant U.S. Attorney, and Attorney General of the United States. It appears in any event that the Assistant United States Attorney and the Attorney General of the United States were named as Defendants because they must be served with process to effect service on the United States.  Fed. R. Civ. P. 4(i).

**Jurisdiction over a Security Clearance Claim**

This case is related to Plaintiff's loss of a security clearance in 2007 and the subsequent denial of his application for a security clearance in 2010.  The United States asserts this Court has no jurisdiction to review a revocation or a denial of a security clearance, relying on *Department of the Navy v. Egan,* 484 U.S. 518 (1988).  Plaintiff makes it very clear he is not challenging the decision to revoke his security clearance in 2007 or the refusal to issue a new clearance in 2010, stating "I have never challenged the right of the U.S. government to reject granting clearance to anyone."

Plaintiff is correct to make this concession.  Decisions on whether to grant or revoke a security clearance are committed to the discretion of the relevant Executive Branch agency and are not reviewable by the federal courts.  *Egan, supra; Carpenter v. Department of Energy*, 25 F.3d 1047 (table), 1994 U.S. App. LEXIS 12263 at *4 (6th Cir. 1994); s*ee also Montgomery v. Sanders*, 2013 U.S. Dist. Lexis 36965 at *6-7 (S.D. Ohio 2013) *citing Hill v. Department of the Air Force*, 844 F.2d 1407 (10th Cir. 1988).

The Court disclaims any jurisdiction to review the merits of the 2007 revocation or 2010 failure to grant Mr. Saba a security clearance.

**Claims Under The Federal Tort Claims Act**

Instead of reviewing the revocation or denial of his security clearance, Mr. Saba seeks review of a denial of his claim under the Federal Tort Claims Act for damages for insertion in his official records of false and libelous matter. His claim in his own words is

> United States employees did not exercise due care in processing my request for security clearance in order to obtain employment with a government contractor. Members of the Army Intelligence Command have abused the interviewing process and produced an official document that is inaccurate as a matter of fact. The document was not a judgment, irrelevant, untimely, or incomplete. They made part of my permanent record a document that is libel, slanderous, misrepresent the truth and deceitful. They shared their false information with civilian and military organizations and interfered with my right to obtain employment with military contractors, civilian contractor, and regular civilian employment. It is about a member of the Army Intelligence Command lying in an official capacity. Interviewer 2-7277 and Agent 2-A5718 lied on official document. They falsely deliberately accused me of soliciting a prostitute on December 2002 at Newark International Airport. They entered information that is baseless and false and can be proven inaccurate. The denial of security clearance was not the result of analyzing information provided by me or a third party in the course of investigation. My case is about federal employees lying and damaging my reputation. It is not about denial of security clearance.

(Complaint, Doc. No. 1-5, PageID 13.)

Under the traditional doctrine of sovereign immunity, the United States may not be sued without its consent. Wright, Miller & Cooper, Federal Practice and Procedure § 3654, *citing inter alia, Hercules, Inc., v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S.

4

156 (1981); *Fishburn v. Brown*, 125 F.3d 979 (6th Cir. 1997). The doctrine of sovereign immunity bars federal courts from exercising jurisdiction over federal officers in their official capacities in the absence of a waiver of that immunity. *Center for Bio-Ethical Reform, Inc., v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). A waiver of sovereign immunity must be unequivocally expressed in statutory text. *FAA v. Cooper*, 566 U.S. ___, 132 S. Ct. 1441, 182 L. Ed. 2d 497 (2012), citing, e.g., *Lane v. Pena*, 518 U.S. 187 (1996). A plaintiff must identify a waiver of sovereign immunity in order to proceed. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), *citing Dalehite v. United States*, 346 U.S. 15, 30 (1953).

In the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)(the "FTCA"), the United States has, with important exceptions, waived its sovereign immunity and accepted liability for the negligent conduct of government employees acting within the scope of their official duties or the tortious activities of federal entities or other agencies performing governmental functions when a private person would be liable to the injured party under the same circumstances. Wright, Miller & Cooper, Federal Practice and Procedure § 3658. The FTCA gives federal district courts exclusive subject matter jurisdiction over claims arising under that statute.

**Discretionary Function Exception**

The waiver of sovereign immunity granted by the FTCA does not however extend to claims based on a "discretionary function of an employee." 28 U.S.C. § 2680(a) states,

> The provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title [28 USCS § 1346(b)] shall not apply to - -
>
> (a) any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute

5

>or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The United States asserts Mr. Saba's claims are barred by this discretionary function exception (Motion, Doc. No. 15, PageID 77-81). Saba responds that federal agents had no discretion to be untruthful in entering information in his official records.

As Mr. Saba concedes in another portion of his Response, whether or not to issue or revoke a security clearance is within the discretion of the Executive Branch of the government. To the extent Mr. Saba is seeking damages resulting from the revocation or denial of his security clearance, any such claim is barred by the discretionary function exception. To put it another way, this Court can neither order the United States to reverse its decision on the security clearance nor can it, under the FTCA, award damages by finding that the revocation or denial was wrongful.

**Statute of Limitations**

The FTCA contains a two-year statute of limitations. 28 U.S.C. § 2401(b) provides:

>(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The United States asserts that any portion of Mr. Saba's claim which relates to his loss of security clearance in 2007 is barred by § 2401(b) because the first time he filed a claim was April 1, 2011 (Motion, Doc. No. 15, PageID 82).

The Complaint was timely filed within six months of administrative denial of the claim and the Court does not read the Government's Motion to suggest otherwise.  The asserted bar arises from untimely claim filing, not untimely suit filing.

Mr. Saba responds "I am not suing for the 2007 loss of clearance." (Response, Doc. No. 17, PageID 90.)  So that the record is completely clear, the Court finds that any claim for damages (lost wages, damage to reputation, etc.) against the United States arising before April 1, 2009,[2] is barred by the two-year statute of limitations.  Claims arising from the complained-of 2010 actions of Defendant's agents are not barred by the statute of limitations.

**The FTCA Exception for Certain Torts**

The United States has not waived its sovereign immunity as to "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. 2680(h).  Asserting Mr. Saba's claims come within this exception, the United States seeks their dismissal. (Motion, Doc. No. 15, PageID 81-82.)

Mr. Saba essentially responds that his claims do not come within this exception which, he says, only applies to "investigative or law enforcement officers" "empowered by law to execute searches, to seize evidence, or to make arrests for violation of Federal law." (Response, Doc. No. 17, PageID 90.)

The full text reads:

---

[2] Mr. Saba's administrative claim was signed April 1, 2011.  (Doc. No. 1-7, PageID 22.)

7

> § 2680. Exceptions
>
> The provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title [28 USCS § 1346(b)] shall not apply to—
>
> * * *
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title [28 USCS § 1346(b)] shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

The proviso in subsection (h) which waives sovereign immunity for law enforcement officers as to claims for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution was enacted March 16, 1974, in Pub. L. 93-253. The waiver of sovereign immunity in the proviso does not save Mr. Saba's claims because they are not for the kinds of torts listed in the proviso, regardless of whether the agents who interviewed him are law enforcement officers.  That is, libel, slander, misrepresentation, deceit, and interference with contract rights are not within the proviso.

Mr. Saba alleges that the investigating agents, either negligently (through lack of due care) or intentionally inserted a falsehood about him in their reports, to wit, that he solicited a prostitute at the Newark, New Jersey, airport in December, 2002. That claim definitely "sounds

8

in" libel, misrepresentation, or deceit. Under Ohio law, the elements of a defamation claim, whether libel or slander, are "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Harris v. Bornhorst*, 513 F.3d 503, 522 (6th Cir. 2008), *quoting Akron-Canton Waste Oil v. Safety-Kleen Oil Servs.*, 81 Ohio App. 3d 591, 601 (Ohio App. 9th Dist. 1992) (internal quotation marks omitted).[3]

If the statement were then used to intentionally mislead some third party about Mr. Saba, that is, to make a misrepresentation, that could constitute fraud under Ohio law. The elements of an action in actual fraud in Ohio are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St. 3d 54 (1987), *citing Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St. 3d 69 ¶2 of the syllabus (1986); and *Cohen v. Lamko, Inc.*, 10 Ohio St. 3d 167 (1984).

If the statement was used to interfere with Mr. Saba's contractual relationships with some party, its use could constitute interference with contractual rights. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597 (6th Cir. 1988), *quoting Heheman v. E. W. Scripps Co.*, 661 F.2d 1115 (6th Cir. 1981), *quoting Juhasz v. Quik Shops, Inc.*, 55 Ohio App. 2d 51 (Summit Cty. 1977).

---

[3] Ohio substantive law governs what tortious conduct is actionable under the FTCA. *FDIC v. Myer*, 510 U.S. 471 (1994).

Whether Mr. Saba's claims are characterized as libel or misrepresentation or interference with contractual rights, they are within the exception to the waiver of sovereign immunity in 28 U.S.C. § 2680(h).  His Complaint does not allege acts which come within a waiver of the sovereign immunity of the United States and therefore must be dismissed.

There is no doubt in this Court's mind that if Mr. Saba sued the two investigating agents individually, he would state a good claim for libel if their reports have been published outside the Army.  The documents attached to his Complaint plainly show that he was not, as they falsely reported, "arrested for soliciting a prostitute in 12/2002."  (Report of Interview of May 4, 2010 by 2-72777, Doc. No. 1-2, PageID 7; Senior Investigator's Review, Doc. No. 1-2, PageID 9.) Even the most cursory examination of the Police Criminal Complaint Report for that incident shows that the arrest was for "asking newly arriving passengers [plural] if they needed a taxi?" (Doc. No. 1-4, PageID 11.)  The same document at Box 1 shows the charge was "soliciting transportation for hire." *Id.* The same document shows at Box 18 that the incident occurred inside the arrivals area at Terminal A of the Newark International Airport.  *Id.* Even the most naïve of investigators would not interpret this as a prostitution offense.  Men who want to pick up a prostituted woman do not do so by asking arriving air passengers whether they need a taxi.

Nor is there any doubt that the falsehood here is defamatory.  It is undoubtedly damaging to a man's good reputation, if he has one, to be labeled as a "john."  Many cities in their efforts to curb prostitution publish the names of men arrested for soliciting prostituted women in hopes that the shame of the label will deter them from further offenses.

And Mr. Saba apparently has a good reputation which would be tarnished by such a label. The Complaint and attached exhibits show he is a naturalized citizen who has served this country well, both in the military and under wartime conditions as a civilian.

10

However, Mr. Saba has sued the United States, not Interviewer 2-72777 and Investigator 2-A5718 individually.  The United States has not waived its sovereign immunity as to acts of defamation, misrepresentation, or interference with contractual rights by its agents.  Since the reports of these two Government employees are plainly marked "For Official US Government Use Only" (see PageID 7, 9), it is questionable whether the Attorney General would certify any distribution outside the Government as being done by these officials in the course of their duties, but that question is not before the Court:  Mr. Saba has not sued these agents individually.

In the Court's opinion, the Government should take whatever steps are necessary to correct the characterization in its records of the incident of December, 2002, as an arrest for soliciting for prostitution.  The characterization is patently false and cannot possibly serve any appropriate purpose of the United States in maintaining those documents, except perhaps as an object lesson in quality control of investigations. See 5 U.S.C. § 552a(e)(5).

**Conclusion**

In accordance with the foregoing analysis, any claims made in the Complaint (1) for review of revocation or failure to grant Plaintiff a security clearance, (2) for damages from before April 1, 2009, or (3) for damages against the United States for libel, slander, misrepresentation, deceit, or interference with contract rights are hereby DISMISSED WITH PREJUDICE.  The Clerk shall enter judgment to that effect, but said judgment shall be without prejudice to any claims Mr. Saba may have against Interviewer 2-72777 or Investigator 2-A5718 in their individual capacities under *Bivens v. Six Unknown Named Agents of the Federal Bureau*

*of Narcotics,* 403 U.S. 388 (1971), or against the appropriate party for correction of his records under the Privacy Act, 5 U.S.C. § 552a.

January 2, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

12